# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROLLIE MONTEZ MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:12-cv-541-TWP-DML |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry on Motion for Return of Property and Directing Entry of Final Judgment**

This matter is before the Court on Plaintiff Rollie Montez Mitchell's ("Mr. Mitchell") Motion for Return of Property. (Dkt. 2). For the reasons stated below, Mr. Mitchell's motion must be denied.

## BACKGROUND

Mr. Mitchell was found guilty of a drug offense on April 7, 2010, in Case No. 1:08-cr-0016-SEB-KPF-1. As part of that criminal proceeding, Drug Enforcement Administration ("DEA") officers seized $14,000.00 in cash ("the currency") during a search of Mr. Mitchell's residence on February 1, 2008.

In February of 2008, the DEA initiated administrative forfeiture proceedings against the currency pursuant to 21 U.S.C. § 881 and 18 U.S.C. § 983. Mr. Mitchell filed a motion for return of the currency pursuant to Rule 41(g) of the *Federal Rules of Criminal Procedure* on March 5, 2012, in the criminal action. Because the property had already been administratively forfeited, Rule 41(g) relief was no longer available in the criminal action and this new civil action was opened based on the motion to return property. *See U.S. v. Shaaban,* 602 F.3d 877, 879 (7th Cir. 2010) ("once a defendant has been convicted, a motion under Rule 41(g) is deemed to initiate a

*civil* equitable proceeding."); *see also United States v. Sims,* 376 F.3d 705, 708 (7th Cir. 2004) (Rule 41(g) can be invoked after criminal proceedings are concluded but not if the property has been forfeited). The United States argues that Mr. Mitchell is not entitled to the currency. Mr. Mitchell has replied.

## LEGAL STANDARD

"Section 983(e) is the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture state." *Mesa Valderrama v. United States,* 417 F.3d 1189, 1196 (11th Cir. 2005) (citing 18 U.S.C. § 983(e)(5)) (internal quotation omitted). "[T]he court's review is limited to determining whether the agency followed the proper procedural safeguards in forfeiting" the property. *Id.* (internal quotation omitted).

"Constitutional due process standards require that notice be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Garcia v. Meza,* 235 F.3d 287, 290 (7th Cir. 2000) (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)). Individuals whose property interests are at stake in an administrative forfeiture proceeding are entitled to notice "reasonably calculated, under all the circumstances" to notify them of the proceedings. *Dusenbery v. United States,* 534 U.S. 161, 173 (2002) (quoting *Mullane,* 339 U.S. at 314). Actual notice is not required. *Id.* at 170. If the notice did not comport with due process requirements, however, "the underlying forfeiture action is void." *Garcia,* 235 F.3d at 290; *see also* 18 U.S.C. § 983(e)(1)(A)(B) (a motion to set aside a declaration of forfeiture should be granted if "the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and the moving

party did not know or have reason to know of the seizure within sufficient time to file a timely claim.").

## DISCUSSION

Mr. Mitchell was confined in the Marion County Jail from February 4, 2008, through April 7, 2010. The record reveals that on February 25, 2008, the DEA sent written notice to Mr. Mitchell that they intended to seize the $14,000.00 in cash. Written notice was sent by certified mail to two addresses: one notice was addressed to Mr. Mitchell at 2303 Nichol Avenue, Anderson, IN 46061, and one was addressed to Mr. Mitchell at the Marion County Jail, 40 S. Alabama Street, Indianapolis, IN 46204. The certified mail sent to Nichol Avenue was returned marked "return to sender, unclaimed, unable to forward." The certified mail sent to the Marion County Jail was accepted for delivery and signed by an individual other than Mr. Mitchell. Further, a third notice was sent by certified mail on February 25, 2008, to Mr. Mitchell's girlfriend Heather Clark at 1013 S. 5th Street, Richmond, IN 47374. Heather Clark signed for the delivery on February 28, 2008. In addition, a notice of seizure of the property was published for three successive Mondays on March 10, 17, and 24, 2008, in the Wall Street Journal. Each notice explained the option to contest the forfeiture action in district court and gave the deadlines (March 31, 2008, if mailed notice was received, and April 24, 2008, if mailed notice was not received) for doing so. No claims were filed by the deadlines and therefore the $14,000.00 in cash was declared administratively forfeited by the DEA on May 5, 2008, pursuant to 19 U.S.C. § 1609.

Mr. Mitchell argues at length that the search of his residence in February of 2008 was unlawful, but that is not the issue here. Further, Mr. Mitchell alleges that he did not receive notice, but that also is not the dispositive issue here. The only question before the Court is

whether the government took reasonable steps to provide Mr. Mitchell with notice before the cash was administratively forfeited. *Mesa Valderrama,* 417 F.3d at 1196 ("The only issue this court can consider is whether [the defendant] received the appropriate notice in sufficient time to contest the agency's action of summarily forfeiting the check.").

The DEA sent notice to Mr. Mitchell at the jail where he was confined, and it was accepted and received by someone at the jail. Mail addressed to a petitioner at the prison in which he is confined is reasonably calculated to apprise him of forfeiture proceedings. *Dusenbery,* 534 U.S. at 172-73. Notice was also sent to Mr. Mitchell's girlfriend. Mr. Mitchell acknowledges that Heather Clark was his girlfriend in February of 2008. She signed for and accepted the notice. Notice by publication in a newspaper of general circulation in the Southern District of Indiana was also issued.

"Absent exceptional circumstances, written notice of forfeiture by certified mail to the claimant's residence satisfies due process, even if the claimant does not receive actual notice." *Lobzun v. United States*, 422 F.3d 503, 507 (7th Cir. 2005). Here, notice was sent to Mr. Mitchell where he was confined and to his girlfriend's residence, and such certified notices were signed. The notice by publication was an additional attempt to provide notice to Mr. Mitchell and it complied with federal administrative statutory requirements. 19 U.S.C. § 1607(a). There is no basis on which to find that the government knew or had reason to know that its attempts to provide notice would be ineffective.

The effort made by the DEA to give Mr. Mitchell notice was reasonably calculated, under all the circumstances, to apprise him of the forfeiture action and thereby afford him an opportunity to present his claim to the currency. This satisfied the requirement of constitutional

due process, and because of this the United States is entitled to judgment as a matter of law.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 05/22/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Rollie Montez Mitchell, 08818-028, Hazelton USP, Inmate Mail/Parcels, P.O. Box 2000, Bruceton Mills, WV 26525

All Electronically Registered Counsel